## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ALEXANDRIA HARRISON,** | |
| Plaintiff, | |
| v. | |
| **MAID2CLEAN SERVICES LLC,** | |
| Serve at:<br>    Evans, Elizabeth<br>    500 E. Ross St.<br>    Palmyra, MO 63461 | Case No. |
| and | |
| **ELIZABETH EVANS,** | |
| Serve at:<br>    500 E. Ross St.<br>    Palmyra, MO 63461 | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff Alexandria Harrison ("Plaintiff"), by and through her undersigned counsel, and for her Complaint states as follows:

### INTRODUCTION

1. This is an action for unpaid minimum wage compensation and attorney's fees and costs for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA").

2. This is also an action for non-payment of regular wages in contravention of Missouri's Minimum Wage Law, Mo. Rev. Stat. § 290.505 *et seq.* ("MMWL") and for failure to provide Plaintiff's final paycheck in contravention of Mo. Rev. Stat. § 290.110.

3. This is also an action for breach of contract.

4. Plaintiff demands a trial by jury on all issues so triable.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction of all claims because Plaintiff's primary cause of action is for nonpayment of wages, which is conduct prohibited by 29 U.S.C. § 206 *et seq*. Accordingly, this Court has federal question jurisdiction of this FLSA matter pursuant to 28 U.S.C. § 1331 because this is a "civil action arising under the . . . laws . . . of the United States."

6. This Court has supplemental jurisdiction with respect to Plaintiff's other claims for violation of Missouri's minimum wage laws and for breach of contract because these claims arise out of the same transaction and occurrence that give rise to Plaintiff's FLSA claims, namely Defendants' failure to pay Plaintiff her wages. As such, this Court may properly exercise supplemental jurisdiction over these related claims pursuant to 28 U.S.C. § 1367.

7. Defendants withheld wages from Plaintiff for her work as an hourly cleaner for Defendants from approximately October 11, 2023 to January 16, 2024 in Marion County, Missouri, located in this District; Defendants all reside in and have continuous business operations within this District in Marion County, Missouri.

8. Defendant Maid2Clean Services LLC ("Maid2Clean") is a domestic limited liability company operating in Marion County, Missouri and within this District. Defendant Maid2Clean was Plaintiff's nominal employer at all times relevant such that the Maid2Clean name appeared on Plaintiff's paychecks.

9. Defendant Elizabeth Evans ("Libby"), upon information and belief, is a Missouri resident within this District.

10. Defendants Maid2Clean and Libby (collectively, "Defendants") were Plaintiff's statutory employers at all times relevant, as they directed Plaintiff's performance of her daily job

duties, Plaintiff's work schedule, set Plaintiff's rate of pay, and decided to withhold pay from Plaintiff as set forth herein.

11. Upon information and belief, Defendant Libby is the sole owner, officer, and executive of Defendant Maid2Clean.

12. Plaintiff is a natural person residing in Marion County, Missouri.

13. Defendants' illicit withholding of compensation from Plaintiff damaged Plaintiff in this District and within Missouri where the wages were due. Venue is also proper in this District for these reasons.

## PARTIES

14. Plaintiff is a natural person currently residing in Marion County, Missouri.

15. At all times relevant, Plaintiff's job duties as a cleaner entailed various tasks such as sweeping, mopping, vacuuming, cleaning counters, and other housekeeping activities necessary to conduct Defendants' business of residential and commercial cleaning services.

16. All of Plaintiff's labor was performed for Defendants' cleaning service which is located at 433 Short St, Palmyra, MO 63461, and almost all of Plaintiff's labor took place in Missouri.

17. Plaintiff was not part of a union, and was at all times an employee of Defendants subject to the provisions of the FLSA and MMWL.

18. Plaintiff never managed any personnel, nor did she make any decisions about how Defendants' operation functioned.

19. Upon information and belief, Defendant Libby owns, controls and operates Defendant Maid2Clean, such that she has the authority to hire and fire employees, set employee schedules, and set employee compensation.

20. Defendant Maid2Clean is a private cleaning company providing residential and commercial cleaning services.

21. Defendants jointly employed Plaintiff from approximately October 11, 2023 to January 16, 2024.

22. Defendants jointly had day-to-day control over where Plaintiff worked, the hours Plaintiff worked, and the type of work Plaintiff would perform.

23. Defendants jointly controlled all aspects of Plaintiff's work while Plaintiff worked for Defendants.

24. Defendants jointly controlled Plaintiff's employment records, including all records pertaining to Plaintiff's rate of pay, compensation, and hours worked.

25. Defendants' equipment was used for Plaintiff's work.

26. At all times relevant, Defendants were Plaintiff's employer within the meaning of Mo. Rev. Stat. § 290.500(4).

27. At all times relevant, Plaintiff was Defendants' employee within the meaning of Mo. Rev. Stat. § 290.500(3).

**FACTS**

28. On or around October 11, 2023, Plaintiff was hired by Defendants as a laborer/cleaner, and Plaintiff and Defendants had an agreement where Defendants would pay Plaintiff an hourly wage; that hourly wage was $14/hour for regular wages and then it would bump up to $15/hour after the first week.

29. Plaintiff worked out of the Maid2Clean office in Palmyra, MO.

30. Defendants agreed to pay Plaintiff on a weekly basis.

31. After one week had passed, Plaintiff inquired about having her wage bumped up to $15/hour and Defendants told her that it now would not happen until she had been at the company for 90 calendar days.

32. Plaintiff's pay was not bumped up to $15/hour after the first week or after she had been with the company for 90 calendar days and she only ever received $14/hour.

33. Defendants also told Plaintiff that their policy was to pay employees' first paycheck during their last week of work.

34. Plaintiff typically worked 12-13 hour days, 3 days per week.

35. Plaintiff's work consisted of cleaning properties throughout Missouri, sometimes up to 60 miles away.

36. Plaintiff would show up to Maid2Clean's location in Palmyra, MO in the morning and then would drive with others in the Maid2Clean vehicles to various different locations that had hired Maid2Clean to clean their properties.

37. Defendants instructed Plaintiff to show up at least 15 minutes before her 6 am shift to load up the vehicle but Defendants told Plaintiff she was not allowed to clock in until 6 am- Plaintiff was expected to donate the first portion of her day to Defendants.

38. Defendants did not pay Plaintiff for this time.

39. Defendants forced Plaintiff to clock out as soon as she finished cleaning at the last property for the day.

40. After clocking out, Plaintiff and the others in the Maid2Clean vehicle would have to return to the headquarters to unload the items and fold laundry; this time amounted to at least 1 hour unpaid each day.

41. Defendants did not pay Plaintiff for this time.

42. Defendants forced Plaintiff to work off the clock at the beginning and end of her shifts and Plaintiff had to work many hours unpaid for this time.

43. Plaintiff was constructively discharged on January 19, 2024.

44. Plaintiff asked questions about Defendants' pay and pay policies throughout her time working for Defendants.

45. On February 5, 2024 Plaintiff sent Defendants a letter demanding her final paycheck in writing wherein she specifically asked for unpaid wages and other owed payment.

46. In response, Defendants eventually sent Plaintiff a small partial payment of what was due, but failed to pay Defendant the full amount of her last check, including any of the time she was forced to work off the clock.

47. Furthermore, her last paycheck contained a miscellaneous, unexplained deduction for $60. Upon information and belief, Defendants had no legitimate reason to unilaterally remove $60 from Plaintiff's final paycheck.

48. As of the date of filing this Petition, Defendants have still not paid Plaintiff the full amount of her final paycheck and owed wages despite Plaintiff's written and verbal requests.

49. As a result of Defendants' actions, Plaintiff has suffered financial loss and hardship.

50. Upon information and belief, Defendants have wrongfully, willfully, cruelly, and without excuse or justification withheld money from Plaintiff's paychecks.

51. Defendants knew or, absent of their own recklessness, should have known that Plaintiff was not exempt from the FLSA and MMWL regular and overtime wage requirements.

52. Defendants acted willfully and with reckless disregard for the FLSA and MMWL by failing to pay Plaintiff for all the work she performed.

## COUNT I - VIOLATION OF THE FLSA

53. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully stated herein.

54. At all relevant times, Defendants were, with respect to Plaintiff, an employer within the meaning of the FLSA, 29 U.S.C. § 206(a).

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at least the statutory minimum wage for all her regular hours worked when they knew or should have known such was due and that non-payment would financially injure Plaintiff.

56. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

57. Plaintiff is entitled to an award of her reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her unpaid minimum wages due under the FLSA, liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages pursuant to FLSA, prejudgment and post-judgment interest, expenses associated with this action, together with reasonable attorney's fees, and such other and further relief as this Court determines to be just and proper.

## COUNT II - VIOLATION OF THE MMWL

58. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully stated herein.

59. In violation of Mo. Rev. Stat. § 290.500 to Mo. Rev. Stat. § 290.530, Defendants refused to pay Plaintiff a substantial number of hours Plaintiff worked from approximately October 11, 2023 to January 16, 2024.

60. Defendants' compensation scheme applicable to Plaintiff therefore failed to comply with the MMWL.

61. There is no just reason for Defendants to withhold Plaintiff's wages.

62. Defendants are liable for the full amount of Plaintiff's wage rate and an additional amount equal to twice the unpaid wages as liquidated damages.

63. Defendants are liable to pay Plaintiff's attorneys' fees and costs.

64. Defendants' actions set forth above damaged Plaintiff such that Plaintiff has suffered a substantial loss of money and has had to expend significant court costs and attorneys' fees as a result of Defendants' actions set forth herein.

65. Defendants knowingly and willfully disregarded the provisions of the MMWL as evidenced by their failure to compensate Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her regular wages in addition to statutory penalties due under the MMWL in addition to liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay regular wages, prejudgment and post-judgment interest, expenses associated with this action, together with reasonable attorneys' fees, and such other and further relief as this Court determines to be just and proper.

### COUNT III - VIOLATION OF MO. REV. STAT. § 290.110

66. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully stated herein.

67. In violation of Mo. Rev. Stat. § 290.110, Defendants failed to pay Plaintiff her last paycheck when they failed and refused, and continue to fail and refuse, to pay Plaintiff for all of her hours worked in the final pay period, despite Plaintiff's formal and written demand for the same.

68. There is no just reason for Defendants to withhold Plaintiff's wages and last paycheck.

69. Defendants are liable to Plaintiff for the contract rate of her wages for a number of days, up to sixty, beginning when Plaintiff was discharged and lasting until Plaintiff is paid, because Defendants have refused to provide Plaintiff's correct last paycheck to her despite receiving written notice that Plaintiff demanded her last paycheck, in the correct amount, in accordance with Mo. Rev. Stat. § 290.110.

70. Defendants are liable to pay Plaintiff's attorneys' fees and costs.

71. Defendants' actions set forth above damaged Plaintiff such that Plaintiff has suffered a substantial loss of money and has had to expend significant court costs and attorneys' fees as a result of Defendants' actions set forth herein.

72. Defendants knowingly and willfully disregarded the provisions of Mo. Rev. Stat. § 290.110 as evidenced by their failure to compensate Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her regular wages in addition to statutory penalties due under Mo. Rev. Stat. § 290.110 in addition to liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay regular wages, prejudgment and post-judgment interest, expenses associated with this action, together with reasonable attorneys' fees, and such other and further relief as this Court determines to be just and proper.

## COUNT IV - BREACH OF CONTRACT

73. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully stated herein.

74. At all times relevant, Plaintiff and Defendants had an agreement where Defendants agreed to pay Plaintiff at a rate of $14/hour for her work for Defendants for her first week and then bump up her pay to $15/hour.

75. Defendants then attempted to unilaterally change the agreement to $14/hour and then bumping up the pay to $15/hour after 90 calendar days.

76. Plaintiff performed her part of the agreement by regularly working for Defendants as set forth above.

77. Defendants have yet to pay Plaintiff for all hours worked for Defendants between approximately October 11, 2023 to January 16, 2024.

78. Defendants have yet to pay Plaintiff the agreed-upon wage for almost all of the hours she worked for Defendants.

79. As a result of Defendants' breach, Plaintiff suffered substantial pecuniary loss.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendants for unpaid wages lost as a result of Defendants' breach and for all other and further relief as this Court deems proper.

Respectfully submitted,

**VOYTAS LAW, LLC**

By:  <u>/s/ Richard A. Voytas, Jr.</u>
      Richard A. Voytas, Jr., #52046
      David A. Weber, #70409
      Caleb Christian, #70830
      Jacob C. Mohrmann, #75681
      7321 S. Lindbergh Blvd, Ste. 400
      St. Louis, MO 63125
      Phone: 314.380.3166
      Email: rick@voytaslaw.com
             david@voytaslaw.com
             caleb@voytaslaw.com
             jacob@voytaslaw.com

*Attorney for Plaintiff*