UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALEXANDRIA HARRISON, | ) |
| Plaintiff, | ) |
| v. | ) |
| MAID2CLEAN SERVICES, LLC | ) Case: 2:24-cv-00026 |
| and | ) |
| ELIZABETH EVANS, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are the parties' Joint Motion to Approve Settlement, Doc. [23] and Joint Motion for Leave to File Un-Redacted Settlement Agreement Under Seal, Doc. [24]. For the reasons set forth below, the motions are granted.

### FACTS AND BACKGROUND

On March 4, 2024, Plaintiff filed her Complaint. Dkt. [1]. In her Complaint, Plaintiff alleges three causes of action: (i) a violation of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* (the "FLSA"); (ii) a violation of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, et seq. (the "MMWL"); (iii) violation of Mo. Rev. Stat. § 290.100; and (iv) breach of contract.. The parties reached a settlement and now move for approval of the settlement and leave to file an unredacted version of the Settlement Agreement under seal.

### DISCUSSION

I. **Joint Motion for Sealing**

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). When evaluating motions to seal, the "court must first decide if the

documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access." *Flynt v Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

The parties provide compelling reasons that warrant sealing. Based on the parties' representations, the Settlement Agreement would not have been achieved if the parties had believed that the terms would become public. (Settlement Agreement, ¶ 6) "The public has an interest in encouraging settlements, which require fewer public resources than litigation." *Long v. Gyrus ACMI, Inc.*, 2021 WL 1985054, at *2 (E.D. Mo. May 18, 2021). In this case, that interest outweighs the public's interest in the redacted information. Most of the Settlement Agreement will be available to the public. Only the settlement amount is redacted. Doc. [25-1]. The settlement amount is an important term of the agreement, but the Court's reasons for approving the settlement are found chiefly in the Complaint, Doc. [1], Joint Motion for Settlement Approval, Doc. [23], and the unredacted terms of the Settlement Agreement, Doc. [25-1]. The publicly filed version of the Settlement Agreement and the Complaint give the public enough information to monitor the Court's work and understand why it approved the Settlement Agreement.

The parties also request that the seal designation remain for three years because the reasons for sealing the document will exist after the case is dismissed (and that time is commensurate with some of the applicable statute of limitations). The Court agrees that public disclosure of the settlement terms during this time in the future would undermine the parties' bargained-for confidentiality. Therefore, the Settlement Agreement will remain sealed for three years from the date of this Order.

II.     **Joint Motion to Approve Settlement**

"A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Pendergrass v. Bi-State Utils. Co.*, 2019 WL 3532005,

at *1 (E.D. Mo. Aug. 2, 2019) (citing *Williams v. BPV Mkt. Place Invs., L.L.C.*, 2014 WL 5017934, at *1 (E.D. Mo. Oct. 7, 2014)). "A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA." *King v. Raineri Constr., LLC*, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946). To determine that a settlement is fair and equitable, the Court considers:

> the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any "overreaching" by the employer in the settlement negotiations, and whether the settlement was the product of arms length negotiations between represented parties based on the merits of the case.

*Tanner v. Empire Fin., Co. LLC*, 2020 WL 7316115, at *1 (E.D. Mo. Dec. 11, 2020) (quoting *King*, 2015 WL 631253, at *2). "In reaching a determination, courts 'should be mindful of the strong presumption in favor of finding a settlement fair.'" *Id.* (quoting *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). Here, the settlement was achieved mid-litigation, after discovery, and there is sufficient evidence that it resolves a bona fide dispute. Defendants denied the material allegation of the Complaint, and the parties reached a settlement because of the parties' wish to avoid expense, distribution, and uncertainty of continued litigation. That is enough to establish that the litigation involves a bona fide dispute.

The proposed settlement is also reasonable and fair to the parties. There is no evidence of overreaching on the part of the Defendant, and both parties have been represented by experienced counsel throughout the litigation.

The Court's review of the Settlement Agreement is limited to the material terms of the proposed settlement as they relate to Plaintiff's FLSA claims. *See Tanner*, 2020 WL 7316115, at *2. The "authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

Accordingly, **IT IS HEREBY ORDERED** that the Joint Motion to Approve Settlement, Doc.[23], is GRANTED.

**IT IS FURTHER ORDERED** that the Joint Motion for Leave to File Un-redacted

3

Settlement Agreement Under Seal, Doc. [24], is **GRANTED**. The un-redacted Settlement Agreement will remain sealed for three years from the date of this Order.

    **IS FINALLY ORDERED** that the parties shall file appropriate dismissal papers in this action no later than 30 days from the date of this order.

Dated this 21st day of July, 2025

*[signature]*